PEOPLE ex rel. PHŒNIX ASSUR. CO., LIMITED, OF LONDON, v. O'DON-
NEL et al., Tax Com'rs.

(Supreme Court, Special Term, New York County.   November, 1906.)

COSTS—REVIEW OF ASSESSMENT—CERTIORARI.

 Laws 1896, p. 883, c. 908, as amended by Laws 1905, p. 536, c. 281, pro-
vides that in proceedings to correct a tax assessment, if the assessment be
reduced more than one-half the reduction claimed before the assessing
officers, costs and disbursements shall be awarded, but shall not exceed
those taxable in an action on the trial of an issue of fact in the Supreme
Court.  Under Code Civ. Proc. § 977, where an issue of fact does not arise,
it is unnecessary to serve a notice of trial.  In certiorari to review an
assessment, the return admitted its illegality, and defendants served on
relator's attorney a written offer to allow a final order directing the can-
cellation of the assessment, with $25 costs.  The offer was rejected, and
the relator's attorney served a notice of trial.  When called for trial the
corporation counsel moved for an order for cancellation, with $25 costs.
*Held*, that there was no issue of fact, and therefore plaintiff was not en-
titled to a trial fee.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 613.]

Certiorari by the people, on the relation of the Phœnix Assurance
Company, Limited, of London, against Frank A. O'Donnel and others.
Order granted.

Rumsey, Shepard & Ingalls (David Rumsey, of counsel), for relator.
William B. Ellison, Corp. Counsel (William H. King, of counsel),
for defendants.

GIEGERICH, J.   This certiorari proceeding was brought to review
an assessment of $578,200 made by the defendants for the year 1905
on the relator's personal property; the petition alleging that the assess-
ment is erroneous in the entire amount, in that the defendants had pro-
ceeded contrary to law in fixing the assessment.   Precisely the same
question was presented in other proceedings theretofore brought to re-
view assessments for the year in question made against certain insur-
ance companies, which resulted in the cancellation of the assessments.
The return admits the illegality of the assessment in suit, and the de-
fendants served upon the attorneys for the relator, with the return, a
written offer to allow a final order to be taken and entered herein by the
relator adjudging that the assessment is illegal and erroneous, and di-
recting that it be canceled, with $25 costs to the relator.   Such offer was
not accepted and the relator's attorneys served upon the corporation
counsel a notice of trial and notice of motion for a preference.   The
proceeding was placed upon the preferred calendar, and when reached
in its regular order the corporation counsel conceded that the relator
was entitled to a final order canceling the assessment, and moved for
such order, with $25 costs.   The relator, on the other hand, urged that
it was entitled to full costs, and the only question which arises is with
respect to the amount of costs which should be awarded.

Costs in these proceedings are regulated by section 254 of the tax
law (Laws 1896, p. 883, c. 908), as amended by chapter 281, p. 536,
of the Laws of 1905, which, so far as applicable, provides:

" * * * If the writ shall be quashed or the assessment confirmed, or if the assessment complained of shall be reduced by an amount less than half the reduction claimed before the assessing officer, costs and disbursements shall be awarded against the petitioner. If the assessment shall be reduced by an amount greater than half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the tax district represented by the officers, whose proceedings may be reviewed. The costs and disbursements shall not exceed those taxable in an action upon the trial of an issue of fact in the Supreme Court. * * * "

The corporation counsel contends that under the foregoing provisions the amount of costs is discretionary with the court; but, without passing upon the point, I am of the opinion that the relator is entitled to no more costs than offered by the defendants, viz., $25. The return does not deny any of the allegations of the petition, nor does it set up any new matter. On the contrary, it admits that the assessment is illegal. An issue of fact did not, therefore, arise, and hence the service of a notice of trial was neither necessary nor proper. Code of Civil Procedure, § 977; Cohen v. Cohen, 72 Hun, 393, 25 N. Y. Supp. 387. There was thus no issue of fact to try; the application for a final order to cancel the assessment being merely made upon the return pursuant to section 253 of the Tax Law, which provides:

"If it shall appear upon the return * * * that the assessment complained of is illegal or erroneous or unequal for any of the reasons alleged in the petition, the court may order such assessment, if illegal, to be stricken from the roll."

In this view there was no trial of an issue of fact, and consequently the plaintiff is not entitled to a trial fee.

My conclusion, therefore, is that the relator is entitled to a final order canceling the assessment, with $25 costs.